FILED

2006 Aug-22  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LAWRENCE DENNIS, III, | ) | |
| | ) | |
| Defendant/Movant, | ) | |
| | ) | |
| v. | ) | 2:03-cr-00219-RBP-JEO |
| | ) | 2:04-cv-08035-RBP-JEO |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on the motion to vacate, set aside, or correct the conviction and sentence of defendant Lawrence Dennis (hereinafter "the defendant" or "Dennis") pursuant to 28 U.S.C. § 2255 (hereinafter "Motion").[1]  Upon consideration of the same, the court finds that the motion is due to be denied.

## BACKGROUND

The defendant was indicted by the grand jury for the Northern District of Alabama in a three count indictment on May 1, 2003.  The indictment charged that, on or about February 26, 2002, and again on April 9, 2002, the defendant knowingly and unlawfully distributed heroin, a controlled substance.  It further alleged in a third and final count that he knowingly possessed heroin with the intent to distribute the same on April 18, 2002.[2]

The defendant entered into a plea agreement with the United States.  (Ex. B).[3]  He agreed to

---

[1]The motion and associated documents are located under the 2:04-cv-08035-RBP-JEO case number unless noted elsewhere herein.

[2]All three counts alleged violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

[3]Unless noted elsewhere, the exhibits are attached to the response of the United States at document 2.

plead to all three counts in exchange for a recommended sentence at the low end of the applicable Sentencing Guidelines range and consideration of additional relief by the filing of a motion for a downward departure premised on his cooperation pursuant to section 5K1.l of the United States Sentencing Guidelines (hereinafter "the Sentencing Guidelines").  As a part of the plea agreement, the defendant agreed to "waive any right to appeal the conviction or sentence by either direct or collateral appeal so long as the sentence is within the guideline range as calculated by the court." (*Id*. at 5).

The defendant pled guilty on July 1, 2003.  (Ex. C).  The court then reviewed the terms of the plea agreement with the defendant (*id*. at 5-7) and ascertained from the parties that the plea agreement contained all of the agreements between them (*id*. at 7-8).  The court then informed the defendant of the maximum penalties for the charged crimes.  (*Id*. at 9-12).  Next, the court outlined the rights that the defendant would be relinquishing by pleading guilty (*id*. at 12-16) and explained the charges in the indictment to him (*id*. at 18-20).  The court then inquired concerning the defendant's satisfaction with his attorney's representation of him.  (*Id*. at 20-21).  It then required the United States to articulate the factual basis for the plea.  In response, the Assistant United States Attorney informed the court and the defendant that if the case went to trial, the evidence would show that the defendant distributed heroin on two occasions and, on a third occasion, was found to be in possession of heroin at the time of his arrest.  The defendant acknowledged that the factual basis was substantially correct.  (*Id*.).  The court then accepted the defendant's guilty plea.  (*Id*. at 24). Sentencing was continued for a later date.

A pre-sentence investigation report was prepared for the sentencing.  (Ex. D).  The defendant's court-appointed counsel, Donald L. Colee, Jr., filed various objections to the pre-sentence report.  Specifically, he challenged the enhancement providing that the defendant was a

"Career Criminal."  (Ex. E).  He also challenged the enhancement for obstruction of justice which was premised on the fact that he endangered others in an attempt to flee.  (Ex. D at ¶ 11).

The United States filed a motion seeking a downward departure under § 5K1.1.  Therein, the United States specifically suggested a sentence reduction of fifty percent premised on the defendant's assistance to law enforcement.

The defendant was sentenced on October 23, 2003.  At the hearing, counsel for the defendant recognized that his objection to the obstruction of justice enhancement would not apply to an individual subject to sentencing as a "Career Offender" under Sentencing Guidelines § 4B1.1. Accordingly, he withdrew his objection to the same.  The court determined that the defendant was a "Career Offender" and that he had a sentencing offense level of 34 and a criminal history category of VI.  This resulted in a sentencing range of from 188 to 235 months imprisonment with a six year supervised release period and a $15,000 to $6,000,000 fine range. (Ex. F at 6).  After agreeing that the motion for a downward departure was due to be granted, the defendant was sentenced to 92 months in prison.  (*Id*. at 18).  In addition, he was placed on supervised release for six years upon his release from custody.

A final judgment of conviction and sentence was entered by the court on October 24, 2003. (Ex. G).  The defendant did not appeal his conviction or sentence.

The defendant filed the present motion to vacate, set aside, or correct his sentence on October 26, 2004.  He asserts (1) that his plea is unlawful due to the fact that he was beaten at the time of his arrest; (2) there was no evidence presented at his sentencing to support the obstruction of justice enhancement; (3) that his federal conviction violates the double jeopardy clause of the Constitution;

and, (4) his counsel was ineffective in his representation at sentencing. (Motion at 5-6).[4] He submitted a lengthy memorandum in support of the motion. (*Id*.). The United States was required to file a response. (Response).[5] It asserts that all of the defendant's claims issues are barred from review because he knowingly and voluntarily waived his right to pursue relief in a § 2255 proceeding as a part of his guilty plea. (*Id*. at 4). Additionally, the United States asserts that the court should deny his claims of ineffective assistance of counsel because Dennis has failed to meet his burden of proof. (*Id*.). The defendant has filed various pleadings in reply to the response.

On March 20, 2006, the defendant filed a "Motion for Case Adducement [sic] and Summary Judgment to Set Aside or Correct Sentence." (Doc. 12). The court will treat the lengthy pleading as a memorandum in support of his original motion.

On May 18, 2006, he filed a "Motion for Rule 36 Correction of Sentence - 18 USC § 3583(c)(2), Modification of an Imposed Term of Imprisonment - 18 USC § 5G1.3(c), and Imposition of an [sic] Sentence on a Defendant Subject to an 'Undischarged Term of Imprisonment.'" (Doc. 25).[6] Therein, he seeks "full credit" for time served on his prior convictions that occurred prior to his present incarceration on the underlying offenses. (*Id*. at 1).

### DISCUSSION

The United States initially asserts that all of these issues are barred from review in this § 2255 proceeding because the defendant knowingly and voluntarily waived his right to pursue relief

---

[4]The motion is located at document 18 in the court's record in the 2:03-cr-00219-RBP-JEO case and at document 1 in 2:04-cv-08035-RBP-JEO.

[5]It is located at document 2 in the court's record.

[6]This pleading is located under the 2:03-cr-00219-RBP-JEO case filing.

in a § 2255 proceeding as a part of his guilty plea.  (Response at 4-5).  The defendant's second and

fourth claims (obstruction of justice and ineffective assistance of counsel)

 raise issues that specifically call into question the legitimacy of his sentence.  His first, third, and

part of his fourth claims (coercion, breach of state pleas agreement, and ineffective assistance of

counsel) pertain to the validity of his guilty plea.  Accordingly, the court will dispose of the former

claims premised on the defendant's valid waiver and will address the latter claims on the merits.

### Waiver

As just noted, the defendant's second and part of his fourth claims are barred from review in

this § 2255 proceeding because he waived his right to raise them when he signed the "waiver"

contained in the plea agreement.  It is well-settled that a knowing and voluntary waiver of the right

to appeal a sentence is generally enforceable.  In *United States v. Bushert*, 997 F.2d 1343 (11th Cir.

1993), the court stated:

> In order to prevail in its argument [that a defendant has knowingly
> and voluntarily waived his right to appeal a sentence] . . . [t]he government
> must show that either (1) the district court specifically questioned the
> defendant concerning the sentence appeal waiver during the Rule 11 colloquy,
> or (2) it is manifestly clear from the record that the defendant otherwise
> understood the full significance of the waiver.

*Bushert*, 997 F.2d at 1351 (footnote omitted).  The Eleventh Circuit Court of Appeals further has

held that an appeal waiver provision in a plea agreement is enforceable if the waiver is made

knowingly and voluntarily.  *United States v. Weaver,* 275 F.3d 1320, 1333 (11th Cir. 2001), *cert.*

*denied*, 536 U.S. 961 (2002); *United States v. Pease*, 240 F.3d 938, 942 (11th Cir.), *cert. denied*,

534 U.S. 967 (2001); *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999); *United*

*States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997).  A waiver of collateral review has also

been approved by the Eleventh Circuit, again, so long as the government demonstrates that the

waiver was knowing, intelligent, and voluntary.  *Allen v. Thomas,* 161 F.3d 667 (11th Cir. 1998).

In *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied*, ___ U.S. ___, 126 S.

Ct. 246 (2005), the Court held that a valid sentence-appeal waiver precludes a defendant from

attempting to attack his sentence through a claim of ineffective assistance of counsel during

sentencing.  *Accord Cowart v. United States*, 139 Fed. App. 206 (11th Cir. 2005).  The Eleventh

Circuit has not addressed the issue presented herein of whether a waiver that includes challenges to

the conviction, as well as the sentence, are enforceable.

      The defendant's plea agreement contained the following language under the heading

"Waiver of Appeal":

> **By entering a plea of guilty to the charge(s) listed in this indictment, the
> defendant agrees to waive any right to appeal the conviction or sentence by either
> direct or collateral appeal** *so long as the sentence is within the guideline range as
> calculated by the court.*  This document in no way limits any response by the United States
> to post-sentencing actions, including appeals, motions to correct or review sentences, or
> habeas corpus petitions.

(Ex. B at 5) (bold in original and italics added).[7]  Immediately below this paragraph is the

defendant's signature.  At the Rule 11 plea hearing, the court conducted the following colloquy with

the defendant concerning the waiver:

> THE COURT:  And is there a waiver of appeal?
>
> MR. SULLIVAN:  Yes, there is, Your Honor.
>
> THE COURT:  Do you understand that in this case that you have signed a
> waiver saying that your agree not to appeal any sentence that the Court may impose?
>
> THE DEFENDANT:  Yes, sir.

(Ex. C at 13).

_____

[7]The italics portion was added by the defendant to the standard agreement.  It was also initialed by him.

It is arguable that the defendant agreed to waive his right to appeal and seek post-conviction relief such as that he now requests when he entered into the plea agreement.  This is particularly true because the defendant specifically modified the usual language in such agreements. Premised on the colloquy at the plea, it also appears that the agreement was knowingly and voluntarily entered.  However, the questioning at the plea only referred to the waiver as including sentencing issues on appeal.  Although the court did not specifically inquire of the defendant regarding a waiver of challenges to the conviction itself and the waiver of post-conviction proceedings such as the present one, the record arguably shows that the defendant otherwise understood the full significance of the waiver.  *Bushert*, 997 F.2d at 1351.  However, because the Eleventh Circuit Court of Appeals has not approved such broad and sweeping waivers, the court will address the specific challenges presented by the defendant concerning the conviction. The challenges to the sentence and to counsel's purported ineffectiveness in the sentencing process are more clearly precluded.  Specifically, the court finds that claims challenging the obstruction of justice enhancement (Claim Two) and the ineffective assistance of counsel allegations regarding sentencing (Claim Four) are precluded from review because of the waiver.[8]  The other challenges regarding the conviction will be addressed on the merits.

The United States also correctly argues that the court must determine if any of the defendant's claims are procedurally barred because they were not raised on appeal.  As a general rule, claims not raised on direct appeal are barred by procedural default absent a showing of cause and actual prejudice.  *United States v. Frady*, 456 U.S. 152, 166, 102 S. Ct. 1584, 71 L. Ed. 2d

---

[8]Even if these had not been precluded from review, as will be discussed below, the court finds that they are without merit and the defendant is entitled to no relief.

816 (1982); *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994), *cert. denied*, 514

U.S. 112 (1995).  Because the defendant did not file a direct appeal in this case, he has waived the

ability to proceed at this point on the substantive claims concerning his arrest (Claim One), the

obstruction of justice enhancement (Claim Two), and the double jeopardy challenge (Claim Three)

absent a showing of cause and prejudice.  As will be discussed below, he has failed to show any

prejudice to excuse the default.

**Substantive Claims**

**The Unlawful Arrest**

The defendant first asserts that his plea is unlawful due to the fact that he was beaten at the

time of his arrest.  The defendant is entitled to no relief on this claim because he has failed to show

how these purported actions invalidate his conviction.

At the plea hearing, the prosecutor relayed the factual basis for the plea of guilty.  He stated

as follows:

> . . . . [F]rom February 2002 to continue to on or about April 18, 2002, within
> the Northern District of Alabama, Jefferson County, Alabama that in Count 1, first,
> February 26th, 2002, a cooperating individual placed a telephone call to Lawrence
> Dennis, III, where Mr. Dennis agreed to sell 5 grams of heroin for $750 a gram.  The
> two individuals met at the Blockbuster parking lot, Midfield, Alabama.  And the
> exchange took place of the heroin, and the amount of the heroin that was furnished
> was 4.85 grams.  In Count 2, it charges that and we would expect the evidence to
> show that on April 9, 2002, after a telephone call was again placed to Mr. Dennis,
> another 5 grams of heroin was ordered.  Mr. Dennis agreed to meet with the
> cooperating subject again at the Blockbuster parking lot in Midfield; that the two
> individuals met, and Mr. Dennis provided to the cooperating subject 5 grams of
> heroin, and the purchase price again was $750.  The lab analysis showed 5.01 grams
> of heroin.  And finally in Count 3, the government would show that on April 18th,
> 2002, after a telephone conversation was made to set up the sell that Mr. Dennis
> agreed on this occasion to sell an ounce of heroin to the cooperating subject for
> $4,200.  They again met at the Blockbuster parking lot located in Midfield on the
> Bessemer Super Highway.  After arriving at the Blockbuster, the cooperating subject
> entered Mr. Dennis' vehicle.  After observing the heroin, the cooperating subject
> began counting the money until the officers arrived.  Mr. Dennis attempted to escape,

8

but he was apprehended by the officers.  And the same heroin was recovered in the
floorboard of Mr. Dennis' vehicle.  After he was later advised of his *Miranda* rights,
Mr. Dennis admitted that on two prior occasions, that being February 26th and April
9, that he had furnished and sold heroin and also advised to the officer that his source
of the heroin was located in Miami, Florida.  The lab results of the April 18
possession with intent to distribute was 27.4 grams of heroin.

(Ex. D at 21-23).  The defendant asserts, however, that after he was stopped, he was beaten by the

law enforcement agents.

Even if the court were to accept the defendant's argument *in toto*, he would be entitled to no

relief.  The evidence against him was compelling.  At most, his allegations would support a

challenge to the admissibility of his post-arrest statements to the law enforcement officers.  If they

were unlawfully obtained and due to be suppressed, the evidence still would be substantial.  At most,

the defendant would be entitled to file a civil rights action.  *See Hudson v. Michigan*, ___ U.S. ___,

126 S. Ct. 2159 (June 15, 2006) (holding that a violation of the knock-and-announce rule did not

require the suppression of all evidence found in the search of the defendant and discussing 42 U.S.C.

§ 1983); *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct.

1999, 29 L. Ed. 2d 619 (1971) (individuals entitled to sue federal agents for monetary damages

because agents searched house without probable cause or a warrant in violation of the Fourth

Amendment)).  He would not be entitled to dismissal of the substantive charges against him.[9]  He is

entitled to no relief on this claim at this juncture.

### The Obstruction of Justice Enhancement

The defendant next asserts that his sentence should not have been increased two levels

because of his actions in fleeing from the officers that were attempting to make an arrest.  (Claim

Two).  In response, the United States asserts that the defendant is mistaken in his interpretation of

---

[9]Additionally, this conduct would not be relevant at trial on the issue of guilt or innocence.

the presentence report and that his Sentencing Guidelines range was properly calculated.  (Response at 8).  The court agrees with the United States and finds that the defendant is entitled to no relief on this claim.

The presentence report does include a two-level increase in the defendant's sentencing range due to his purported actions in fleeing from the scene of the arrest.  However, because of the defendant's extensive criminal history, the Sentencing Guidelines themselves made this consideration irrelevant.  As correctly noted by the United States, "[i]n calculating the guidelines, the United States Probation Office[ ] used two separate methods - (1) a guideline range, which included a two level increase for Obstruction of Justice (Section 3C1.2); and (2) a second range that correctly placed Dennis as a Career Criminal pursuant to 4B1.1."  (Response at 8).  Had the court sentenced the defendant under the former method, using the sentencing range for an individual who is not a career criminal, the obstruction of justice increase would be relevant.  However, because of the defendant's career offender status, this enhancement became irrelevant.  His sentencing range was determined using § 4B1.1 of the Guidelines which superseded the usual considerations that would have made the obstruction enhancement relevant.  The court's calculation was proper and the defendant's challenge is without merit.[10]

### Double Jeopardy

The defendant next asserts that his federal prosecution violates the double jeopardy clause of the Fifth Amendment.  Specifically, he asserts that his initial state arrest on state charges (trafficking in heroin (three counts) and attempted murder) preclude any further prosecution of this criminal conduct by another sovereign.  The United States responds that the defendant is

---

[10]Counsel for the defendant, Don Colee, recognized the application of the career offender provision and ultimately withdrew his previously filed objection to the presentence report.  (Ex. F at 2-4).

mistaken.  (Response at 9).

The violations at issue in this case occurred in February and April 2002.  Following his state arrest, he was indicted by the Grand Jury for the Northern District of Alabama on May 1, 2003.  He pled guilty in July 2003 and was sentenced in October 2003.  Thereafter, the state grand jury "no billed" all four actions against him.  (Ex. J).  Thus, there is no double jeopardy violation.  Even if the defendant had been prosecuted by both the federal and state authorities, it is well-settled that the Fifth Amendment does not preclude such dual prosecutions.  *Abbate v. United States*, 359 U.S. 187, 196, 79 S. Ct. 666, 3 L. Ed. 2d 729 (1959).

To the extent the defendant argues that the "*Petite* policy"[11] of the Department of Justice precludes such prosecutions, he is entitled to no relief.  This policy is simply an internal procedure of the Department and it confers no substantive rights on a defendant.  *See United States v. Peterson*, 233 F.3d 101, 104 (1st Cir. 2000).  Additionally, it may be invoked only if the defendant is actually brought to trial in state court.  *See United States v. Gomez*, 776 F.2d 542, 550 (5th Cir. 1985) ("Since the defendants have produced no argument or reasoning indicating why the double jeopardy clause is implicated by their federal prosecution, and since they were in fact never actually brought to trial in the state court, we do not address this issue.").

To the extent that the defendant asserts that the state drug agents promised him that if he cooperated, he would not be charged for the substantive offenses, he is entitled to no relief.  The United States vehemently disputes the allegations.  (See Ex. H & I).  However, it is not necessary for the court to resolve this factual dispute for a number of reasons.  First, the agents are not in a position to bind the Department of Justice.  Second, even if the agents mislead the defendant, that

---

[11]The policy allows the federal government to bring a successive prosecution only when there are compelling reasons to do so and the prosecuting attorney obtains the prior approval of the Assistant Attorney General. *Dual and Successive Federal Prosecution Policy*, Department of Justice Manual 9-2.031 (2005).

would not preclude the prosecution as none of that evidence was used against him.  To the contrary, it was used to reduce his sentence.  Third, this issue should have been raised before the plea or on direct appeal.

## Ineffective Assistance of Counsel

The defendant's last challenge is that his counsel was ineffective.  Specifically, he asserts four claims of ineffectiveness, including that (1) counsel failed to provide effective assistance at the detention hearing; (2) counsel was ineffective at the sentencing hearing; (3) counsel failed to object to defendant's prosecution on double jeopardy grounds; and, (4) counsel was ineffective in  failing to object to a fine being levied against him because of his financial circumstances and his asthmatic condition.  The United States retorts that the record in this case refutes his claims.  (Response at 10).

To succeed on a claim of ineffective assistance of counsel, a defendant must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his case.  *Strickland v. Washington,* 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *see also*, *Bell v. Cone*, 535 U.S. 685, 697-98, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (reaffirming the *Strickland v. Washington* standard for reviewing ineffective assistance of counsel claims); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (applying two-part test of *Strickland v. Washington*), *cert. denied*, 534 U.S. 1167 (2002).  More specifically, Dennis must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial would have been different.  *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990).

In analyzing counsel's performance under the performance prong of *Strickland*, this Court

12

must presume that the conduct of counsel was reasonable.  *Yordan v. Dugger,* 909 F.2d at 477.  A

"[d]efendant must prove deficient performance by a preponderance of competent evidence, and

the standard is 'reasonableness under prevailing professional norms.'"  *Gallo-Chamorro v.*

*United States*, 233 F.3d 1298, 1303-04 (11th Cir. 2000) (footnotes omitted).  The Eleventh

Circuit has described a defendant's burden with regard to the deficient performance prong of an

ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable
> performance, a petitioner seeking to rebut the presumption of adequate performance
> must bear a heavy burden:
>> The test has nothing to do with what the best lawyers would
>> have done.  Nor is the test even what most good lawyers would have
>> done.  We ask only whether some reasonable lawyer at the trial could
>> have acted, in the circumstances, as defense counsel acted at trial. . . .
>> We are not interested in grading lawyers' performances; we are
>> interested in whether the adversarial process at trial, in fact, worked
>> adequately. . . .  Thus, in order to show that counsel's performance
>> was unreasonable, the petitioner must establish that *no competent*
>> *counsel would have taken the action that his counsel did take.* . . .

*Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (italics in original and internal

citations omitted).  The court has further described a defendant's burden in demonstrating that his

counsel's deficient performance prejudiced his case as "high," noting that it is not enough to

show that any errors had some conceivable effect on the outcome of the proceeding.  *Robinson v.*

*Moore*, 300 F.3d 1320, 1343-44 (11th Cir. 2002).  To succeed on the ineffective assistance of

counsel claim, the defendant must show that, but for counsel's unprofessional errors, the

outcome of the proceeding would have been different.  A failure to demonstrate either

prong constitutes a failure to demonstrate ineffective assistance of counsel.  *Bottoson v. Moore*,

234 F.3d 526, 532 (11th Cir. 2000); *accord Robinson v. Moore*, 300 F.3d at 1343.  "[T]he cases

in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel

are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

The defendant's first challenge to counsel's performance relates to his second and third substantive allegations to the extent that counsel purportedly failed to provide effective assistance at the detention hearing in not raising the double jeopardy claim and failing to challenge certain facts related to the obstruction of justice enhancement. (Motion at 6 and Attachment thereto at 20). In view of the previous discussion, the court finds that the defendant has not demonstrated that counsel was ineffective or that he sustained any prejudice as a result thereof.

The defendant next asserts that counsel was ineffective in that he failed to adequately represent him at the sentencing hearing because he did not actively defend him concerning the allegations surrounding the obstruction of justice enhancement. (Motion at Attachment at 21). The defendant is correct that counsel did not request an evidentiary hearing on this issue or present any testimony in defense of Dennis at sentencing. Instead, counsel pointed out that the career offender enhancement made this portion of the Sentencing Guidelines of no import in the sentence calculation. Counsel was correct. That tactical decision is an example of the decision making that is due to be protected under the *Strickland* rubric. Additionally, the defendant has shown no prejudice under the circumstances.

The defendant's next claim of ineffective assistance concerns counsel's failure to present a double jeopardy argument. (Motion at Attachment at 21). In support of this claim, the defendant asserts that due to his reliance on the state agents, when he arrived in federal court, he had "nothing else to offer to [the] government." (*Id*.). Accordingly, he asserts that he is entitled to relief. Premised on the previous discussion, the court finds that this claim is without merit. A double jeopardy argument would not have afforded the defendant any relief had it been raised by trial counsel. Accordingly, he has not shown that counsel's performance was deficient or that he has

14

been prejudiced by counsel's conduct.  He is entitled to no relief.

The defendant also claims that counsel was ineffective in that he failed to argue against the use of the enhancement of his sentence because he is a career offender.  (Petition at Attachment at 22).  He further states that the imposition of this enhancement violated his "Fifth and Sixth Amendment rights" to due process, "to plea guilty or not," and to a jury trial.  (*Id*.).  This claim is totally without merit as the record amply demonstrates that the defendant was a career criminal offender under § 4B1.1.  Specifically, it shows that he is a career offender because he was over 18 at the time of the instant offenses, the present convictions involve controlled substance offenses, and he had two qualifying prior felony convictions.[12]

The defendant's last claim of ineffective assistance concerns counsel's failure to object to the imposition of a $3,000.00 fine in light of the fact "that U.S. Probation Office stated Dennis is unable to pay restitution" and the fact that he has chronic asthma and cannot work in the prison factory.  (Motion at Attachment at 22).  At the outset, the court notes that what the presentence report states is that the defendant "does not have the ability to pay a fine within the guideline range [($15,000.00 to $6,000,000.00)]."  (Ex. D at ¶ 60).  Nothing in the report suggests that the defendant could not pay some fine.  Additionally, his "chronic asthma" does not preclude him from working other paying jobs at the institution, although they may not pay as much.  Accordingly, the court cannot find that counsel's performance was deficient or that he suffered any prejudice that would entitle him to any

---

[12]Section 4B1.1 provides:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

The defendant's two qualifying offenses are for possession of cocaine with intent to distribute (21 U.S.C. § 841) and escape (18 U.S.C. § 851).  (Ex. D at ¶¶ 31-32).

15

relief.

## Other Items

To the extent that the defendant seeks a hearing on his allegations, the court finds such is unnecessary.  "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations."  *Stephens v. United States*, 14 F. Supp. 2d 1322, 1334 (N.D. Ga. 1998) (quoting *United States v. Guerra*, 588 F.2d 519, 520-21 (5th Cir. 1979).  "[I]n this circuit, as well as in the Supreme Court, when a § 2255 petitioner sets out detailed factual allegations . . . the petitioner is entitled to a hearing unless the motion and the files on record conclusively show the petitioner is entitled to no relief. . . .  Typically, this circuit has found some form of corroboration to a petitioner's allegations before requiring a hearing."  *Potts v. Zant*, 638 F.2d 727, 751 (5th Cir. 1981) (citations omitted).[13]

The court finds that the defendant's allegations are insufficient as a matter of law under the record before the court to warrant an evidentiary hearing.

## CONCLUSION

Premised on the foregoing, the court finds that the defendant's motion filed pursuant to § 2255 (doc. 1) should be denied.  Additionally, the court finds that his motion for credit from the sentences previously imposed and served (doc. 25) is not properly before the court in this § 2255 proceeding and is due to be denied.  An appropriate order will be entered.

---

[13] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

**DONE**, this the 22nd day of August, 2006.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**